## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

BENNIE DAVID GUY                                                    PETITIONER


VS.                          CASE NO. 5:12CV00222 JMM/HDY


RAY HOBBS, Director of the
Arkansas Department of Correction                                  RESPONDENT


### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.    Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof,  and a copy,  or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Bennie David Guy, an inmate in the custody of the Arkansas Department of Correction (ADC), has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.  He is challenging his conviction for rape from Crittenden County and his conviction for attempted rape from St. Francis County.  He entered guilty pleas to these crimes in 1996.

The respondent contends the petition should be dismissed as a second or successive petition.

The record shows the petitioner has litigated four previous habeas corpus petitions: *Guy v. Norris*, 5:03cv00466; *Guy v. Norris & Abbott*, 5:09cv00109; *Guy v. Hobbs*, 5:11cv00233; and *Guy v. Hobbs*, 5:12cv00092.

28 U.S.C. § 2244(b)(3)(A) provides:  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  The statutory language is clear that permission must be received before the filing of the successive petition with the district court.  The petitioner is not excused from seeking permission from the Eighth Circuit Court of Appeals by alleging relief pursuant to the recent case of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).  As a result, we recommend that the petition be dismissed without prejudice pending an order from the Eighth Circuit Court of Appeals containing authorization for filing[1].

_____

[1]Mr. Guy suggests that this petition is not a second or successive petition since he is asserting a claim based upon facts which he alleges were not available at the time of his previous petitions.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this __23__ day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

---

Nevertheless, the statute requires Mr. Guy to first obtain authorization from the Court of Appeals before proceeding in this Court.  28 U.S.C. § 2244(b)(3)(A).  See also *Engresser v. Dooley*, 686 F.3d 928 (8th Cir. 2012) (petitioner first obtained authorization from Court of Appeals prior to District Court's consideration of a new claim based on facts that petitioner claimed were unavailable at time of earlier petition – "Engresser's pro se request to file a successive petition for federal habeas relief was granted by an administrative panel of this court.").